```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
VICTORINOX AG, VICTORINOX SWISS        :
ARMY, INC., and WENGER NA, INC.,       :
                                       :
     Plaintiffs,                       :
                                       :         13 Civ. 4534 (JSR)
        -v-                            :
                                       :         FINAL JUDGMENT AND
                                       :         PERMANENT INJUNCTION
THE B & F SYSTEM, INC., JOHN D.        :
MEYER, ABC CORPORATIONS 1-10, and      :
JOHN DOES 1-10,                        :
                                       :
     Defendants.                       :
---------------------------------------x
THE B & F SYSTEM, INC.,                :
                                       :
     Counterclaim Plaintiff,           :
                                       :
        -v-                            :
                                       :
VICTORINOX AG, VICTORINOX SWISS        :
ARMY, INC., and WENGER NA, INC.,       :
                                       :
     Counterclaim Defendants.          :
---------------------------------------x
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/22/15

JED S. RAKOFF, U.S.D.J.

     Plaintiffs Victorinox AG, Victorinox Swiss Army, Inc., and

Wenger NA, Inc., makers of the iconic Swiss Army Knife, brought suit

against defendants The B&F System, Inc. and John D. Meyer, asserting

various state and federal trademark claims. Defendant The B&F System

counterclaimed for unfair competition and cancellation of U.S.

Trademark Registration No. 3,546,920, which is owned by Victorinox

AG. This Court granted plaintiffs' motion for summary judgment on

Count I (trademark infringement and counterfeiting under 15 U.S.C. §

1114), Count III (false designation of origin and unfair competition

under 15 U.S.C. § 1125(a)), and Counts V and VI (trademark

1

infringement and unfair competition under New York common law) of
their complaint. Order dated Feb. 28, 2014, at 2, ECF No. 54. The
Court denied defendants' cross-motion for summary judgment. Id. In
granting plaintiffs' summary judgment motion, the Court found that
defendants had willfully infringed plaintiffs' trademark. See
Memorandum dated June 21, 2015, at 5, 9, ECF No. 58. The Court also
granted plaintiffs' motion for damages; attorney fees; costs;
equitable relief; and dismissal of all outstanding claims,
counterclaims, and affirmative defenses, except that the Court
directed plaintiffs to submit an updated calculation of attorney
fees to the Court and a bill of costs to the Clerk of the Court. See
Memorandum Order dated Sept. 6, 2015, at 10, ECF No. 82. Plaintiffs
have submitted updated calculations and a calculation of pre-
judgment interest, and the Court has received letter briefing from
both sides with respect to plaintiffs' submissions. The Court has
considered the letter briefing and agrees with plaintiffs'
calculations and reasoning.

Accordingly, final judgment is hereby rendered as follows:
A.    Plaintiffs Victorinox AG, Victorinox Swiss Army, Inc., and
Wenger NA, Inc. shall recover the following damages, costs, fees,
and interest from Defendants, jointly and severally:

1.    damages in the amount of $2,662,659.35, trebled to
      $7,987,977.05;

2.    the costs of the action, based on plaintiffs' submission
      of a bill of costs to the Clerk of the Court;

    3.    attorneys' fees in the amount of $1,313,393.39;

    4.    pre-judgment interest in the amount of $506,962.00; and

    5.    post-judgment interest pursuant to 28 U.S.C. § 1961(a) on plaintiff's damages from the date of this judgment until paid in full.

B.    Defendants, their officers, agents, employees, parents, subsidiaries, affiliates, attorneys, other agents, and all persons and entities in active concert, privity, or participation with them are permanently enjoined from:

    1.    manufacturing, importing, advertising, marketing, promoting, supplying, distributing, drop-shipping, offering for sale, exporting, or selling any products which bear the Plaintiffs' Marks (as defined herein), or which bear any marks or designs that are identical with, substantially indistinguishable from, and/or confusingly similar to Plaintiffs' Marks, as well as all variations of and all designs or designations relating thereto, including without limitation Defendants' infringing knives as depicted in Exhibit 1 hereto. Victorinox AG is the exclusive owner of the "Swiss Army Trade Dress," which is defined as two red elongated oval-shaped plastic scales (i.e., handles), a light-colored cross-and-shield device on one of the red scales, multiple silver metal implements that fold into the knife, and notches for tweezers (identified by the color gray) and for a toothpick (identified by a tan color) at one end of the knife. One element of the

Swiss Army Trade Dress, namely, the two elongated oval-shaped red scales with curved edges, is protected by U.S. Trademark Registration No. 3,546,920. This registered mark and the Swiss Army Trade Dress are collectively referred to herein as "Plaintiffs' Marks." Plaintiffs' Marks are shown in Exhibit 2.

2.   passing off, inducing, or enabling others to sell or pass off any product as products produced by Plaintiffs, which are not in fact Plaintiffs' products, or not produced under the control and supervision of Plaintiffs and approved by Plaintiffs for sale under Plaintiffs' Marks;

3.   engaging in any activity constituting unfair competition with Plaintiffs, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations, design elements, trademarks and indicia associated with Plaintiffs, such as the cross and shield device, as well as any use of words or reference to "Swiss Army" or Switzerland, language or expressions implying Swiss origin or authorization, connection, sponsorship, similarity or approval by any Swiss entity or authority;

4.   committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiffs;

5.    shipping, delivering, transferring, or otherwise disposing

of, in any manner, products or inventory which bear Plaintiffs'

Marks or any mark confusingly similar thereto; and

6.    making or suffering any sale, assignment, transfer or

interference with any property in which Defendants have an

interest, pursuant to C.P.L.R. 5222(b), with the same effect as

if a restraining notice had been served upon Defendants after

judgment, except upon direction of a sheriff or city marshal or

pursuant to an order of the court, until the judgment to be

entered herein has been satisfied or vacated.

C.    Defendants shall remove any simulation, reproduction,

counterfeit, copy or colorable imitation of Plaintiffs' Marks, or

any mark confusingly similar thereto, and any other designation,

design elements, trademarks and indicia associated with Plaintiffs,

such as the cross and shield device, "Swiss Army" or words implying

Swiss origin, from any and all advertising in any medium and/or

websites under their control, including, but not limited to

www.bnfusa.com.

D.    Defendants shall recall from any distributors and retailers and

deliver to Plaintiffs for destruction or other disposition all

remaining inventory of all product subject to the Permanent

Injunction above, including all advertisements, promotional and

marketing materials related to the same, including catalogs and any

other items that bear, contain or incorporate any simulation,

reproduction, counterfeit, copy or colorable imitation of

Plaintiffs' Marks and any other designation, design elements, trademarks and indicia associated with Plaintiffs, such as the cross and shield device, "Swiss Army" or words implying Swiss origin.

E.    Defendants shall assist Plaintiffs with Internet takedowns, as needed.

F.    Defendants shall (1) file a notice with the United States Patent and Trademark Office withdrawing with prejudice their pending Cancellation Proceeding No. 92057145; and (2) file with the Court and serve on Plaintiffs within thirty (30) days following the entry of this Final Judgment and Permanent Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above order regarding Cancellation Proceeding No. 92057145.

G.    Defendants shall, within seven (7) days following the entry of this Final Judgment and Permanent Injunction, subject to an order of confidentiality,

     1.    Provide Plaintiffs with a written statement identifying each and every shipment of the offending knives presently in transit to the United States and Puerto Rico; the designated point of entry; the date of expected shipment; the date of expected entry into the United States; and copies of the invoices and bills of lading concerning each such shipment.

     2.    Provide Plaintiffs with a written statement identifying the name and address of each and every manufacturer, supplier, distributor and customer of Defendants' infringing knives;

6

3.     Provide Plaintiffs with a written statement identifying
the name and address of each and every warehouse and/or
facility used for storage in which the offending knives are
presently stored and to which shipments now in transit are
intended to be stored, including copies of all invoices and
warehouse receipts.

4.     Provide Plaintiffs with a written statement identifying
the orders that remain to be filled including copies of each
and every purchase order; and

5.     Provide Plaintiffs with a written statement identifying
(i) the total number of unsold, undistributed or unshipped
infringing knives remaining in Defendants' inventory; (ii) the
total number of infringing knives remaining at each previously
identified warehouse or facility for storage; and (iii) the
total number of infringing knives in the possession, custody
and control of any of the Defendants or their privies.

H.     Should Defendants be found to be in violation of the Final
Judgment and Permanent Injunction in any way, they will be in
contempt of Court, which will entitle Plaintiffs to seek, and the
Court to enter, any and all relief available under the law for such
contempt. If Plaintiffs are required to take legal action to enforce
this Judgment, Plaintiffs shall be entitled to all attorneys' fees
incurred as a result.

I.     Defendants shall cause copies of this Final Judgment and
Permanent Injunction to be forwarded to any and all of its

suppliers, distributors, customers and any others from or to whom sales or offers for sale of goods bearing Plaintiffs' Marks have been made. Alternatively, Defendants may notify said suppliers, distributors, customers and others of entry of this Final Judgment and Permanent Injunction in a manner satisfactory to the parties, or in the event of disagreement among the parties, in a manner satisfactory to the Court.

J.   Defendants shall file with the Court and serve on Plaintiffs within thirty (30) days following the entry of this Final Judgment and Permanent Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with this Final Judgment and Permanent Injunction.

All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary. The Court shall retain jurisdiction for enforcement of this Final Judgment and Permanent Injunction.

All relief requested in this case and not expressly granted is denied. This judgment finally disposes of all parties' claims.

SO ORDERED.

Dated: New York, NY
October 21, 2015

JED S. RAKOFF, U.S.D.J.

# EXHIBIT 1

## Limited Lifetime Warranty

If this knife set fails within the lifetime of the original purchaser it will be repaired or replaced free. This knife set is guaranteed to be free from defects in materials and workmanship. Return defective piece and it will either be repaired or replaced with the same or an equal value product and returned to you within 30 days. This warranty gives you specific legal rights and you may also have other rights which vary from state to state. This warranty does not cover damage caused by misuse, accidents, ordinary wear and tear, or alterations to this product. The product will be returned to you at your expense if it does not show a defect in materials or workmanship. Warranty is limited to repair or replacement of the product. We are not responsible for any incidental or consequential damage. Some states do not allow the exclusion or limitation of incidental or consequential damage so this exclusion may not apply to you. For warranty service, return product, warranty, proof of purchase, your physical address, email address, daytime phone number and check payable to CSC, for return shipping (an amount equal to what you are paying to return the defective product) by insured mail to: CSC, P.O. Box 224442, Dallas, Texas 75222. Texas residents add sales tax.

**WARNING:** This knife set is not designed for pounding or prying. Strong impacts or twisting forces may damage the knives or the lock mechanisms and may result in the blades folding or otherwise failing during use which could cause severe injury. On lock blade models, always check to assure the locking mechanisms are operational prior to use.

ABCPF5KAKIT1472

**Set Includes:**
- 16-Function Knife
- 7-Function Knife
- LED Flashlight
- Medallion



4pc Army Knife Gift Set in Aluminum Case

**ROYAL CREST** ™

**PLAINTIFF'S EXHIBIT 9**
PENGAD 800-631-6989
11.7.13 #

**BATTERY WARNING:**
- Do not mix alkaline, standard (carbon-zinc) and rechargeable batteries (nickel hydride).
- Do not mix old and new batteries.
- Non-rechargeable batteries are not to be recharged.
- Rechargeable batteries are to be removed from the unit before being charged (if removable).
- Rechargeable batteries are only to be charged under adult supervision (if removable).
- Exhausted batteries are to be removed.
- The supply terminals are not to be short-circuited.
- Only batteries of the same or equivalent type as recommended are to be used.
- Batteries are to be inserted with the correct polarity.



PACKAGE DESIGNED IN 

The design and art on this package are protected by US copyright law and may not be duplicated, published or used for any other purpose without prior permission in writing. It is not permitted to duplicate or alter any trademarks or copyright from this package.

0 24409 08395 2

Item #SKAKIT
Made in China.
© Royal Crest™. All rights reserved.

Kobert Jackson and Associates, Inc.
from: EBM NATHANS QUALITY ITEMS
67.14.13
3-695-5724










ROYAL CREST™
4pc Army Knife Gift Set
in Aluminum Case
ROYAL CREST™
4pc Army Knife Gift Set
in Aluminum Case
Includes Extra Batteries
for LED Flashlight!
7-Function Knife
Functions Include:
▪ Small Cutting Blade
▪ Tweezers
▪ Toothpick
▪ Nail File
▪ Nail Cleaner
▪ Scissors
▪ Key Ring
16-Function Knife
Functions Include:
▪ Can Opener
▪ Reamer
▪ Phillips Screwdriver
▪ Slotted Screwdriver
▪ Fish Scaler
▪ Scissors
▪ Cap Lifter
▪ Toothpick
▪ Cork Screw
▪ Sturdy Reamer
▪ Manicure Blade
▪ Hook Disgorger
▪ Wood/Rope Saw
▪ Cutting Blade
▪ Key Ring
▪ Tweezers
ROYAL CREST™
4pc Army Knife Gift Set
in Aluminum Case

Robert Jackson and Associates, Inc.
Purchased from: EBAY NATHANS QUALIM1TONS
Date : 6·14.13
Investigator: TX/RG
Case: J-555-5724



# EXHIBIT 2











Int. Cl.: 8

Prior U.S. Cls.: 23, 28 and 44

## United States Patent and Trademark Office

Reg. No. 3,546,920
Registered Dec. 16, 2008

### TRADEMARK
### PRINCIPAL REGISTER



VICTORINOX AG (SWITZERLAND AKTIENGE-
    SELLSCHAFT (AG))
SCHMIEDGASSE 57
IBACH, SWITZERLAND CH-6438

FOR: MULTIFUNCTION POCKET KNIVES, IN
CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 12-31-1897; IN COMMERCE 10-30-1936.

PRIORITY CLAIMED UNDER SEC. 44(D) ON
SWITZERLAND APPLICATION NO. 01023/2005,
FILED 4-18-2005.

THE COLOR(S) RED (RAL 3003) IS/ARE
CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE COLOR RED
(RAL 3003) AS APPLIED TO THE OUTER PORTION
OF THE POCKET KNIVES. THE DOTTED OUTLINE
OF THE GOODS IS INTENDED TO SHOW THE
POSITION OF THE MARK AND IS NOT PART OF
THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 78-733,163, FILED 10-14-2005.

WILLIAM VERHOSEK, EXAMINING ATTORNEY